I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ ¶¶
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 12/29/11

Denise Vo
DEPUTY CLERK

\* blank Central District habeas petition form sent to P.



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. REISWIG, | ) Case No. SACV 11-1989-GHK (RNB) |
| Petitioner, | ) |
| vs. | ) ORDER DISMISSING PETITION WITH |
| AREF FAKHOURY, Warden, | ) LEAVE TO AMEND |
| Respondent. | ) |

The Court's review of the Petition for Writ of Habeas Corpus, filed herein on December 27, 2011 after being transferred from the Southern District of California, reveals that it suffers from the following deficiency.

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, it is unclear from the way petitioner framed Ground One of the Petition on attached pages 6(a)-(f) how many federal constitutional claims petitioner is making or what he is claiming. If, as it appears, in addition to contesting the sufficiency of the evidence, petitioner is making one or more instructional error claims, and/or other federal constitutional claims, each of those claims needs to be alleged as a separate ground for relief. Further, petitioner needs to set forth the supporting facts for each such claim separately.

For the foregoing reason, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiency discussed above within thirty (30) days of the service date of this Order. The clerk is directed to send petitioner a blank Central District habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 7 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 7 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED: December 28, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE